IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHACUBE YOUNG, | : |
|     Plaintiff | : |
|       v. | : Case No. 3:25-cv-499-KAP |
| MOONEY, *et al.*, | : |
|     Defendants | : |

<u>Memorandum Order</u>

      In December 2025, plaintiff Young, an inmate at S.C.I. Houtzdale, filed an 18-page handwritten *pro se* complaint presumably alleging that several employees of the Department of Corrections violated his rights. I am required to screen the complaint by the Prison Litigation Reform Act, *see* 28 U.S.C.§ 1915A. The plaintiff's handwriting does not make it impossible for me to do that, but I decline to spend the excessive time that deciphering plaintiff's handwriting would require. Plaintiff is ordered to file a typed copy of his complaint or a legible handwritten copy of his complaint, leaving out the wing-dings, flourishes, and all-caps style. I will then review the complaint. Until then, what plaintiff calls a motion to proceed *in forma pauperis* at ECF no. 4 is denied (without prejudice to filing a motion on the court's standard form, provided with this order) and the Clerk shall again administratively close the complaint. (That is not a dismissal, and plaintiff is not given a deadline for filing a legible complaint and motion to proceed *ifp*: he can do so when he has the time.)

      The problem of barely readable pleadings is one worth addressing explicitly because trial courts will increasingly face pleadings, for instance ones generated by AI, that cost the litigant almost nothing to generate compared to the resources necessary to consider them. Pleadings that are barely readable for whatever reason are not constrained in any meaningful way by Fed.R.Civ.P. 11(b)(1) because for the most part they are not intentionally presented to cause delay and increased expense. The problem is acutely presented by *pro se* litigants who are not lawyers, and most acutely presented by *pro se* inmates who do not or cannot use typewriters or similar devices. Although all *pro se* pleadings must be read with a certain liberality, that does not exempt *pro se* litigants from following procedural rules, including Fed.R.Civ.P. 8. As Judge Eddy of this Court once wrote:

> Under Fed.R.Civ.P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief...." The words "short and plain" are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed.

Boozer v. Riggenbach, 2018 WL 1179683, at *2 (W.D. Pa. Jan. 29, 2018), *report and recommendation adopted*, 2018 WL 1194361 (W.D. Pa. Mar. 6, 2018). Boozer dealt with the more typical problem of scattershot unpaginated stream-of-consciousness *pro se* pleadings, but "plain" means "plain" in every context, and a handwriting style that requires me to proceed at a snail's pace is not "plain."

To illustrate by parallel example, complaints submitted in other languages are not "plain" even if they are translatable because pleadings in foreign languages (even when not expressly prohibited by statute or court rule) unfairly reallocate work from the plaintiff to the court to the detriment of every other litigant. I am aware of some singular and unfortunate dictum accompanying the holding in Court of Common Pleas v. Kelly, 417 Fed.Appx. 126, 128 (3d Cir. 2011)("[T]he District Court should have requested a translation or clarification of the complaint and, if warranted, granted Kelly leave to amend the complaint before taking final action on her filing.") that suggests that trial courts can and therefore should consider *sua sponte* delegating to an employee the duty of deciphering any pleading that is not literally indecipherable. *See id*. 417 Fed.Appx. at 127: "[I]t does not appear that the District Court **translated or requested Kelly to translate** the document." (my emphasis). But no trial court has the Court of Appeals' resources or freedom from time constraints that would make that possible, much less advisable, in the case of barely legible complaints. The holding of the case is that the trial court must give the litigant leave to amend. That is what I am doing.

DATE: January 9, 2026

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Shacube Young HD-7959
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000